# DISTRICT OF COLUMBIA *v.* CAPITAL TRACTION COMPANY.

---

CONSTITUTIONAL LAW; STREET RAILROADS.

1. The inhibition in the Federal Constitution against impairing the obligation of contracts refers to the States, and not to the United

States, and therefore is not applicable to an act of Congress regulating street railroads in the District of Columbia.

2. A provision in the charter of a street railway fixing the maximum rate of fare is not a contract subject to unconstitutional impairment by a statute requiring the acceptance of transfers from contiguous independent lines.

3. Under the power reserved by Congress in a street railway charter, to alter, amend, or repeal, the railway company can be required to accept transfers from contiguous independent lines without impairing any contract to be inferred from a provision fixing the maximum rate of fare.  (Citing *Metropolitan R. Co.* v. *Macfarland*, 20 App. D. C. 421, 433.)

4. Statutes regulating private corporations engaged in public service will not be held unreasonable as depriving them of property without due process of law, or taking the same for public use without compensation, in violation of the 5th Amendment of the Federal Constitution, unless they impose such a burden as to make the property unremunerative.

5. A statute requiring a street railway company to accept transfers from contiguous independent lines will not be held to take its property without due process of law, in that it compels the carriage of the transferred passengers at a loss, where, presumptively, the loss will not be such as to render the company's business unremunerative as a whole.

6. A statute requiring a street railway company to accept transfers from contiguous independent lines, extending, as it does, the transfer privilege to all persons in the same circumstances, is not objectionable as creating a favored class.

7. A statute requiring a street railway company to accept transfers from contiguous independent lines does not take property without due process of law, in that it requires the gratuitous carriage of certain persons, where, reciprocally, the contiguous line is required to accept its transfers, and commissioners are, by the statute, given the power to adjust any inequalities between the two.

8. In the absence of facts showing that the regulation of a street railway imposes an unreasonable burden upon it, so as to work an unconstitutional deprivation of property, the court cannot say that it was beyond the power of the legislative body to enact.

No. 2572.   Submitted October 8, 1913.   Decided November 13, 1913.

ON ERROR to the Police Court of the District of Columbia to

review a judgment quashing an information charging the defendant in error with violation of the act of Congress regulating street railways.                                            *Reversed.*

The COURT in the opinion stated the facts as follows:

This case comes up on a writ of error granted to review a judgment of the police court quashing an information against the Capital Traction Company.

The information charged the refusal of the traction company to receive and transport a passenger on a transfer ticket issued by the Metropolitan Coach Company, in violation of an act of Congress approved August 24, 1912, entitled "An Act to Confer upon the Commissioners of the District of Columbia Authority to Regulate the Operation and Equipment of the Vehicles of the Metropolitan Coach Company, and to Provide for Transfers between Said Company and the Capital Traction Company and the Washington Railway and Electric Company." [37 Stat. at L. 490, chap. 357.]

The sections of said act material to the case are the following:

"Sec. 6. That said company shall issue to all passengers received by it north of H street, Northwest, and desiring same, a transfer ticket to the cars of the Capital Traction Company at the intersection of Fifteenth street and New York avenue and Pennsylvania avenue, Northwest, said transfer ticket to be good for passage on the cars of the Capital Traction Company going south or west; and the said Capital Traction Company shall receive and transport on its said cars said passengers on said transfer tickets without the payment of additional fare; and the said Capital Traction Company shall issue to all its passengers, desiring same, on cars going east on Pennsylvania avenue and north on Fifteenth street, at said intersection, a transfer ticket to the coaches of the said Metropolitan Coach Company, and the said Metropolitan Coach Company shall receive and transport on its coaches said passengers on said transfer tickets without the payment of additional fare. * * *

"Sec. 8. That any company named herein that fails to com-

ply with the requirements of secs. 6 and 7 of this act shall be punished by a fine of not more than one hundred dollars for each violation thereof, and prosecutions shall be made as prescribed in sec. 4 of this act; that the commissioners of the District of Columbia shall make and enforce the regulations necessary to carry the provisions of these sections into effect."

February 21, 1913, the commissioners promulgated certain regulations to carry into effect the provisions of the foregoing law. These regulate the number and character of the coaches of the Metropolitan Coach Company, which are authorized to run from U and 16th streets, N. W., to Pennsylvania avenue, *via* 16th street, Massachusetts avenue, and 15th street, intersecting the Washington Railway and Electric Company's line at H street, and connecting with the Capital Traction Company's lines at 15th street and Pennsylvania avenue; fix the schedule of said coaches; and provide for reciprocal transfers in accordance with the act of Congress.

The defendant moved to quash the information on the ground that the sections contemplating free transfers between said companies render the act unconstitutional, because they amount to taking the property of the defendant without due process of law, and without compensation; deny it the equal protection of the law; and impair the obligations of a contract.

The police court sustained the motion to quash, holding the act unconstitutional because it took the property of the defendant without due process of law.

The Capital Traction Company is the successor of the Washington and Georgetown Railroad Company, incorporated May 17, 1862, and the Rock Creek Railway Company, incorporated June 23, 1888. Amendatory acts from time to time authorized changes from horse-power traction to cable and electric power. Each and every act contains an express reservation of the power to alter, amend, or repeal the same. The said companies are authorized to charge a rate of fare not exceeding 5 cents for each passenger for continuous passage between all points of their main and branch lines, and are required to sell tickets in packages of six for not exceeding 25 cents a package.

*Mr. Edward H. Thomas,* Corporation Counsel, for the plaintiff in error.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.,* and *Mr. G. Thomas Dunlop* for the defendant in error.

*Mr. Frank J. Hogan, amicus curiæ.*

*Mr. J. J. Darlington* for the Washington Railway & Electric Company.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The argument that the charter of defendant amounts to a contract, the obligation of which may not be impaired, may be briefly considered. (1) In the first place, the prohibition of laws impairing the obligations of contracts applies to the States, and not to the United States. The prohibitions to the United States are those of the 5th Amendment, that no person shall be deprived of property without due process of law, and that private property shall not be taken for public use without just compensation. The application of these will be considered later.

(2) A contract between the United States and the defendant in error cannot be implied from the provision fixing a maximum rate merely. See *Detroit United R. Co.* v. *Detroit,* 229 U. S. 39, 44, 57 L. ed. 1056, 1059, 33 Sup. Ct. Rep. 697, and cases there cited.

(3) Even if the language relating to the fares to be charged amounted to a contract, it was subject to the expressly reserved power to alter, amend, or repeal. *Greenwood* v. *Union Freight R. Co.* 105 U. S. 13, 26 L. ed. 961; see also *Missouri P. R. Co.* v. *Kansas,* 216 U. S. 262, 274, 54 L. ed. 472, 477, 30 Sup. Ct. Rep. 330; *Noble State Bank* v. *Haskell,* 219 U. S. 104, 110, 55 L. ed. 112, 116, 32 L.R.A.(N.S.) 1062, 31 Sup. Ct. Rep. 186, Ann. Cas. 1912 A, 487; *Metropolitan R. Co.* v. *Macfarland,* 20 App. D. C. 421, 433.

2. The case turns upon the question whether the act of Congress in requiring the Capital Traction Company to receive and carry, without additional compensation, passengers on transfers from another and independent line, amounts to a deprivation of property without due process of law.

The streets of the city of Washington are public highways for the convenience of all citizens and other persons who may desire their use. The operation of street cars therein furnishes an additional convenience for the intended uses of the streets. Instead of the governmental construction and maintenance of such additional conveniences, Congress has preferred to delegate the exercise of the power to private corporations. These, organized primarily for private profit, nevertheless perform a public function which renders them subject to regulation and control by the power from which they derive their privileges. This power of regulation relates not only to fares, but also to the maintenance of tracks, schedules, etc., and connections with other lines in aid of the public safety, comfort, and convenience.

The reasonable exercise of this power of regulation does not abridge the right of private ownership. It is only when the regulation imposes such a burden upon private property lawfully engaged in the performance of a public service as to render the property unremunerative, that it becomes unreasonable and amounts to a deprivation of private property without due process of law, or to its taking for public use without compensation. Then only is it a violation of the 5th Amendment.

Regulations requiring railway companies to make track connections with independent lines, connections with such other lines, and the operation of additional trains upon one's own line, have been held valid, notwithstanding the particular act required might entail a serious loss, where it has not been made to appear that the loss would be so great as to render the entire property of the corporation unremunerative. *Wisconsin, M. & P. R. Co.* v. *Jacobson,* 179 U. S. 287, 301, 45 L. ed. 194, 201, 21 Sup. Ct. Rep. 115; *Atlantic Coast Line R. Co.* v. *North Carolina Corp. Commission,* 206 U. S. 1, 25, 51 L. ed. 933, 944, 27 Sup. Ct. Rep. 585, 11 Ann. Cas. 398; *Missouri P. R. Co.* v.

*Kansas,* 216 U. S. 262, 279, 54 L. ed. 472, 479, 30 Sup. Ct. Rep. 330; *Minneapolis & St. L. R. Co.* v. *Minnesota,* 186 U. S. 257, 263, 46 L. ed. 1151, 1156, 22 Sup. Ct. Rep. 900.

Notwithstanding the apparent effect of the statutory regulation, if otherwise valid, may be to compel the carriage of the transferred passengers at a serious loss, so far as their carriage is concerned, the act is not void upon its face as depriving the Capital Traction Company of its property without due process of law, because it is to be presumed that the loss will not be such as to render the business of the corporation unremunerative as a whole.

Nor is the act objectionable on the ground that it creates a favored class, because its privileges are extended to all persons, alike, under the same circumstances.

3. It is contended, however, that the act is not a regulation of the rates of passenger fares, but amounts to a deprivation of property in that it compels the carriage of certain persons for nothing.

In support of this contention are cited decisions of State courts denying the power of the legislature to compel the free carriage of policemen and other officers.

Without reviewing these decisions, it is sufficient to say that we do not regard them as applicable to the situation here presented. As before said, the operation of street car and coach lines at regular intervals is to promote the public convenience in the uses of the streets. Looking to the public convenience, Congress has conferred upon several independent corporations, of which the Metropolitan Coach Company is one, the privilege of engaging in the carriage of passengers upon the streets. These do not reach all parts of the city, but they do intersect, or approach each other so closely at the points designated as to make it highly convenient for passengers upon one line to be transferred to another in order to reach a part of the city that is served by one line only. A passenger who purchases a ticket from one line is entitled to demand and receive from that line a transfer ticket which, without additional charge, enables him to ride to his final destination, upon the connecting or adjacent

line of another carrier. It does not follow, however, that the other line carries him wholly without compensation. He pays the full fare of the initial line and receives a transfer that enables him to proceed to his destination. He, in returning, or another person not on a return trip, may pay fare upon the second line, and receive a transfer to the first one. The arrangement is reciprocal. Presumably, one carrier receives as much benefit as the other. Any inequalities that may be developed may be remedied by regulation of the commissioners under the power delegated to them.

Congress, apparently, regarded the new arrangement as advantageous to both carrier and passenger. In the absence of facts showing that the regulation imposes an unreasonable burden upon the defendant in error, amounting to a deprivation of property in the constitutional sense, we are not prepared to say that it was beyond the power of Congress to enact.

The judgment of the Police Court quashing the information is reversed, with costs; and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*